GIBSON, DUNN & CRUTCHER LLP
Rachel S. Brass, SBN 219301
　rbrass@gibsondunn.com
Joseph C. Hansen, SBN 275147
　jhansen@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant HERITAGE PHARMACEUTICALS INC.

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Dr. PAMELA GUMBS, a sole proprietor d/b/a United Pharmacy, and ED NASRAH, a sole proprietor d/b/a Daniels Pharmacy, on behalf of themselves and all others similarly situated within the State of California,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>AUROBINDO PHARMA USA, INC., CITRON PHARMA, LLC, HERITAGE PHARMACEUTICALS, INC., TEVA PHARMACEUTICALS USA, INC., and DOES 1-100,<br><br>　　　Defendants. | CASE NO. _____<br><br>**NOTICE OF REMOVAL BY DEFENDANTS AUROBINDO PHARMA USA, INC. AND HERITAGE PHARMACEUTICALS INC.**<br><br>[Removal from the Superior Court of the State of California, County of San Francisco, Case No. CGC 17-557521]<br><br>Action Filed:   March 13, 2017 |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFFS PAMELA GUMBS AND ED NASRAH AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Defendants Aurobindo Pharma USA, Inc. ("Aurobindo") and Heritage Pharmaceuticals Inc. ("Heritage"), with the consent of Defendants Citron Pharma, LLC ("Citron") and Teva Pharmaceuticals USA, Inc. ("Teva") (collectively, "Defendants"), hereby remove this action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of San Francisco, Case No. CGC 17-557521, to the United States District Court for the Northern District of California, San Francisco Division. As set forth below, removal is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and (d).

## I.   TIMELINESS OF REMOVAL

1. Plaintiffs, Dr. Pamela Gumbs ("Gumbs") and Ed Nasrah, filed a Class Action Complaint ("Complaint") against Defendants in the Superior Court for San Francisco County, California, Case Number CGC 17-557521, on March 13, 2017. Under 28 U.S.C § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant Heritage as of the date of this filing are attached as Exhibit A to the Declaration of Joseph C. Hansen ("Hansen Decl."), and true and correct copies of all process, pleadings and orders served upon Defendant Aurobindo as of the date of this filing are attached as Exhibit A to the Declaration Wayne A. Mack ("Mack Decl."), filed concurrently herewith.

2. This notice of removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed as to each Defendant. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1). In particular:

3. Plaintiffs served Aurobindo with a Summons and Complaint on March 16, 2017. *See* Mack Decl. ¶ 2, Ex. A.

4. Plaintiffs served Heritage with a Summons and Complaint on March 16, 2017. *See* Hansen Decl. ¶ 2, Ex. A.

5. Plaintiffs served Teva with a Summons and Complaint on April 3, 2017. *See* Hansen Decl. ¶ 3. Teva consents to removal of the case. *See id.*

6. Citron is not aware of having been served, but in the event it has been served, it consents to removal of the case. *See* Hansen Decl. ¶ 4.

## II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

7. Plaintiffs are California citizens who allege that they "bring this class action for treble damages and equitable relief . . . against [Defendants, all out-of-state corporations], arising from their conspiracy to fix, raise, maintain and stabilize the prices of generic glyburide tablets ('Glyburide') in California beginning at a time presently unknown to Plaintiffs and continuing until the filing of this Complaint (the 'Class Period'), and to allocate markets and customers for those products during the same time period." Compl. ¶ 1. The Complaint alleges two causes of action. The first is "to recover treble damages" under the Cartwright Act (Cal. Bus. & Prof. Code § 16720, *et seq.*). Compl. ¶¶ 4, 124-32. The second is for "restitution" under California Business and Professions Code § 17200, *et seq.* Compl. ¶¶ 4, 133-40.

8. Defendants deny any liability as to Plaintiffs' individual claims and as to the claims of the putative class members, and deny that class treatment is appropriate. Defendants expressly reserve all rights in this regard. For purposes of meeting the jurisdictional requirements for removal only, however, Defendants submit that removal is proper on two independent and alternative grounds.

9. *First*, Defendants are authorized to remove this action to this Court under 28 U.S.C. § 1441(a) because (1) there is complete diversity between Plaintiffs and Defendants, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In particular: Plaintiffs allege that they and Defendants are citizens of different states, *see* Compl. ¶¶ 7-8 (averring Plaintiffs are citizens of California); Compl. ¶¶ 9-12 (averring Defendants are corporations incorporated in other states and with principal place of business in other states). The amount in controversy exceeds $75,000 because Plaintiffs allege that the putative class members "have suffered tens of millions of dollars in damages," seek recovery of three times those damages, and, among other additional things, attorneys' fees. *See* Compl. ¶ 123, 132, Prayer for Relief, ¶ E.

10. *Second*, this Court has subject matter jurisdiction over this action and all claims asserted against Defendants under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.

§ 1332(d).  Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant.  28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).  This action satisfies all requirements for federal jurisdiction under CAFA.

### III.  THE ACTION IS REMOVABLE BASED ON DIVERSITY JURISDICTION.

#### A.  The Complaint Alleges Complete Diversity Of Citizenship.

11.  Plaintiffs and Defendants are citizens of different states.  "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A "principal place of business" is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is usually its headquarters, and which is also referred to as a "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

12.  Plaintiffs are individuals who are proprietors of businesses, and they allege that they are citizens of California.  Dr. Gumbs alleges she is a sole proprietor doing business as United Pharmacy, which has its principal place of business in Berkeley.  Compl. ¶ 7.  Nasrah alleges he is a sole proprietor doing business as Daniels Pharmacy, which has its principal place of business in San Francisco.  Compl. ¶ 8.

13.  In contrast, the Complaint alleges that *none* of the Defendants are citizens of California.  Instead, the Complaint alleges that Aurobindo is a citizen of Delaware and New Jersey, Compl. ¶ 9; that Citron is a citizen of New Jersey, Compl. ¶ 10; that Heritage is a citizen of Delaware and New Jersey, Compl. ¶ 11; and that Teva is a "Pennsylvania-based corporation" centered in Pennsylvania, Compl. ¶ 12.

14.  Complete diversity therefore exists between Plaintiffs and Defendants.  28 U.S.C. § 1332(a)(1); *see Hertz*, 559 U.S. at 92-93.

15.  Additionally, all defendants either join this Notice of Removal or consent to removal of the case.  28 U.S.C. § 1446(b)(2)(A); Hansen Decl. ¶¶ 3-4.

**B.     The Complaint Alleges An Amount in Controversy Exceeding $75,000.**

16.     The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on Plaintiffs' allegations regarding Defendants' purported conspiracy concerning the prices of Glyburide. Defendants deny that Plaintiffs or putative class members are entitled to any relief. For purposes of this jurisdictional analysis only, however, Defendants rely on Plaintiffs' allegations. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint."); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015).

17.     In particular, the Complaint alleges that "[a]s a result of the Defendants' alleged conspiracy, Independent Pharmacies have suffered tens of millions of dollars in damages." Compl. ¶ 123. The Complaint also seeks treble damages (Compl. ¶ 132) and attorneys' fees (Compl., Prayer for Relief, ¶ E). Taken at face value, these allegations satisfy the $75,000 threshold, including on a per-plaintiff basis.

18.     Under Plaintiffs' own allegations, the amount in controversy therefore exceeds $75,000.

**IV.   THE ACTION IS ALSO REMOVABLE UNDER CAFA.**

**A.     The Proposed Class Consists Of More Than 100 Members.**

19.     Plaintiffs seek to bring a "class action" within the meaning of CAFA. *See* 28 U.S.C. § 1332(d)(1); Compl. ¶ 18-23. Plaintiffs further allege that they "believe that there are several thousand Class members who are geographically dispersed throughout the State of California." Compl. ¶ 19. While Defendants deny that class treatment is permissible or appropriate, the proposed class as alleged in the Complaint consists of more than 100 members. *See* 28 U.S.C. § 1332(d)(2)(5).

**B.     Defendants And Plaintiff Are Not Citizens Of The Same State.**

20.     The minimum diversity of citizenship criteria under CAFA requires that the plaintiff or any member of the putative class be a citizen of a state that is different from that of any defendant. 28 U.S.C. § 1332(d)(2)(A).

21. The proposed class representatives are California citizens, and hence citizens of a state different from that of Defendants, all of which are out-of-state corporations. *See* Compl. ¶¶ 7-12. The minimum diversity requirement is therefore satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

**C.  The Amount Placed In Controversy By The Class Claims Exceeds $5 Million.**

22. Although Defendants deny that Plaintiffs' claims have any merit, Defendants aver, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiffs' requested monetary recovery exceeds $5 million.

23. As explained above, Plaintiffs seek recovery under the Cartwright Act of treble damages, which they allege is in the "tens of millions" of dollars, and they further seek recovery of attorneys' fees. *See* Compl. ¶¶ 123, 132, Prayer For Relief ¶ E.

24. Under Plaintiffs' own allegations, the amount in controversy therefore exceeds $5 million, and this action meets the jurisdictional minimum amount in controversy. *See, e.g.*, *Lewis*, 627 F.3d at 399.

25. None of the exceptions to CAFA jurisdiction are applicable here. Defendants expressly reserve the right to contest and further brief the applicability of any exception that Plaintiffs may raise in a motion for remand.

26. Removal to this Court is therefore proper under CAFA.

**V.  THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

27. Based on the foregoing allegations from the Complaint, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) (complete diversity) and 28 U.S.C. § 1332(2) (CAFA diversity). Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

28. The United States District Court for the Northern District of California, San Francisco, is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiff originally filed this case, in Superior Court of California for the County of San Francisco. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

29. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendants Heritage and Aurobindo are attached as Exhibits A to the Hansen and Mack Declarations filed concurrently herewith.

30. Upon filing this Notice of Removal, Defendants will furnish written notice to Plaintiffs' counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of California for the County of San Francisco, under 28 U.S.C. § 1446(d).

WHEREFORE, Defendants remove to this Court the above action pending against it in the Superior Court of California for the County of San Francisco.

Respectfully submitted,

Dated: April 14, 2017                    GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Rachel S. Brass*
         Rachel S. Brass

GIBSON, DUNN & CRUTCHER LLP
Rachel S. Brass
rbrass@gibsondunn.com
Joseph C. Hansen
jhansen@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:   415.393.8306

*Attorneys for Defendant*
*HERITAGE PHARMACEUTICALS INC.*

DUANE MORRIS LLP
Jennifer Briggs Fisher
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

DUANE MORRIS LLP
Wayne A. Mack
Seth A. Goldberg
30 S. 17th Street
Philadelphia, PA 19103

*Attorneys for Defendant*
*AUROBINDO PHARMA USA, INC.*

**DECLARATION OF FILER PURSUANT TO CIVIL LOCAL RULE 5-1(i)**

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the signatories.

Dated: April 14, 2017                    GIBSON, DUNN & CRUTCHER LLP


                                         By:  */s/ Rachel S. Brass*
                                                 Rachel S. Brass

                                         Attorneys for Defendant
                                         HERITAGE PHARMACEUTICALS INC.